IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERNEST LEE MINOR, | § | |
| TDCJ #309000, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-0128 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

State inmate Ernest Lee Minor (TDCJ #309000) has filed a petition under 28 U.S.C.

§2254, seeking a federal writ of habeas corpus to challenge an adverse decision by prison

officials regarding his eligibility for early release from imprisonment.  The respondent has

answered with a motion for summary judgment, arguing that Minor is not entitled to relief.

(Doc. # 10).  Minor has filed a cross-motion for summary judgment in response.  (Doc. # 12).

After considering all of the pleadings, the state court records, and the applicable law, the

Court **grants** the respondent's motion and **dismisses** this case for reasons set forth below.

## I.      BACKGROUND

A Harris County grand jury returned an indictment against Minor in 1980, charging

him with murder in cause number 312945.  A jury in the 174th District Court for Harris

County, Texas, found Minor guilty as charged.  As a result, Minor was sentenced to serve

sixty years in prison.  An intermediate court of appeals affirmed the conviction.  *See Minor*

*v. State*, 630 S.W.2d 725 (Tex. App. — Houston [1st Dist.] 1982). Minor did not file a petition for discretionary review with the Texas Court of Criminal Appeals. He remains in custody of the Texas Department of Criminal Justice ("TDCJ"), at the Stiles Unit.[1]

Minor does not challenge his underlying conviction here. Instead, he challenges the result of eight prison disciplinary convictions that were entered against him in May and June of 1996, including cases 960286095, 960291642, 960295890, 960307624, 960809436, 960318172, 960320718, and 960325273. As a result of these disciplinary convictions, Minor claims that he lost a total of 3585 days of previously earned credit for good conduct (*i.e.*, "good-time credit"). Minor claims further that, because of these disciplinary convictions and the attendant loss of good-time credit, he was denied early release on "non-discretionary" mandatory supervision in March of 2000.[2]

_____

[1]     Minor is incarcerated at the Stiles Unit in Beaumont, Texas, which is not within this district. Because his holding conviction was entered in this district, however, this Court retains jurisdiction over the petition. *See Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000).

[2]     There are two ways in which a prisoner becomes eligible for early release from confinement under Texas law. The first is by "parole" and the second is "mandatory supervision" release. "Parole" means "the discretionary and conditional release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence under the supervision of the pardons and paroles division." TEX. GOV'T CODE § 508.001(6) (Vernon 2004). "Mandatory supervision" is "the release of an eligible inmate so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division." TEX. GOV'T CODE § 508.001(5). Whereas parole is wholly discretionary, an inmate's release to mandatory supervision is required, subject to certain exceptions, when the "actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." *Id.* at § 508.147(a); *Jackson v. Johnson*, 475 F.3d 261, 263, n.1 (5th Cir. 2007). Regardless of the distinction, once an inmate is released to mandatory supervision, he is considered to be on parole. *See Jackson*, 475 F.3d at 263, n.1 (citing TEX. GOV'T CODE § 508.147(b); *Coleman v. Dretke*, 395 F.3d 216, 219, n.1 (5th Cir. 2004), *cert. denied*, 546 U.S. 938 (2005)).

2

The pending federal habeas corpus petition, which was executed on January 4, 2008, presents two related claims concerning the administration of Minor's sentence: (1) Minor contends that he was denied early release on mandatory supervision in 2000 because the good-time credits that he forfeited in 1996 were not restored in violation of the law in place at the time of his conviction; (2) Minor claims, therefore, that he was wrongfully denied early release from prison in violation of the Ex Post Facto Clause. The respondent argues that the federal habeas corpus petition must be dismissed because Minor's claims are barred by the governing one-year statute of limitations. (Doc. # 10). In his cross-motion for summary judgment, Minor does not dispute that his petition is untimely. (Doc. # 12). Minor insists, nevertheless, that he is entitled to relief. The parties' contentions are addressed below under the applicable legal standard.

## II.    THE ONE-YEAR STATUTE OF LIMITATIONS

The respondent maintains that the pending federal habeas corpus petition must be dismissed because it is untimely. According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d). Because the pending petition was filed well after April 24, 1996, the one-year limitations period clearly applies. *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).

In this case, the statute of limitations for federal habeas corpus review began to run pursuant to 28 U.S.C. § 2244(d)(1)(D), from "the date on which the factual predicate of the

3

claim or claims presented could have been discovered through the exercise of due diligence." The disciplinary convictions at issue were entered against Minor in 1996. To the extent that he challenges any of these proceedings, the statute of limitations expired one-year later in 1997. *See Kimbrell v. Cockrell*, 311 F.3d 361, 363 (5th Cir. 2002) (holding that the one-year statute of limitations begins to run on the date the disciplinary conviction was entered). To the extent that Minor challenges an adverse decision regarding his early release on mandatory supervision, the pleadings reflect that he knew of the factual basis for his claims no later than March of 2000. Thus, the statute of limitations expired one year later in March of 2001. Minor's pending petition, signed by him on January 4, 2008,[3] is well past the applicable statute of limitations and is therefore time-barred unless Minor can show that a statutory or equitable exception applies.

A.    **Statutory Tolling**

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed" application for state habeas corpus or other collateral review is pending shall not be counted toward the limitations period. *See Artuz v. Bennett*, 531 U.S. 4 (2000). The state court records show that Minor filed a state habeas corpus application to challenge the calculation of his sentence and his eligibility for early release on April 25, 2007. The Texas Court of Criminal Appeals

---

[3]    The Clerk's Office received the petition on January 8, 2008, but the petition is dated January 4, 2008, indicating that the petitioner placed his pleadings in the prison mail system on that date. Under the mail-box rule, courts treat the date a *pro se* prisoner deposits a federal habeas corpus petition in the prison mail system as the filing date. *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)), *cert. denied*, 531 U.S. 1164 (2001).

denied relief on December 19, 2007.  *See Ex parte Minor*, No. 13,097-04 (Tex. Crim. App.).[4]

Because this state habeas proceeding was filed after the limitations period had already

expired, it has no tolling effect for purposes of § 2244(d)(2).  *See Scott v. Johnson*, 227 F.3d

260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas

corpus application filed after the expiration of the limitations period).

Minor presents no other basis for statutory tolling and the record fails to disclose any.

In that regard, Minor has not alleged that he was subject to state action that impeded him

from filing his petition in a timely manner.  *See* 28 U.S.C. §2244(d)(1)(B).  Further, there is

no showing of a newly recognized constitutional right upon which the petition is based; nor

is there a factual predicate for the claims that could not have been discovered previously if

the petitioner had acted with due diligence.  *See* 28 U.S.C. §2244(d)(1)(C), (D). Accordingly,

there is no statutory basis to save the petitioner's late-filed claims.

### B.    Equitable Tolling

Equitable tolling is an extraordinary remedy which is only sparingly applied.  *See*

*Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990).  Nevertheless, the Fifth

Circuit has held that the statute of limitations found in the AEDPA may be equitably tolled

at the district court's discretion where "exceptional circumstances" are present.  *Coleman v.*

*Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000). In that

---

[4]    The record reflects that Minor filed three prior state habeas corpus applications to challenge his murder conviction.  *See Ex parte Minor*, Nos. 13,097-01 (denied Sept. 14, 1983); 13,097-02 (denied April 24, 1984); 13,097-03 (denied Oct. 5, 1988).  None of these applications concerned the administration of Minor's sentence or his eligibility for early release.

respect, the Fifth Circuit has limited the doctrine of equitable tolling to apply "principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Melancon v. Kaylo*, 259 F.3d 401, 407 (5th Cir. 2001) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

Assuming that the AEDPA allows it, the Supreme Court has observed that a habeas corpus petitioner is not entitled to equitable tolling unless he establishes "(1) that he has been pursuing his rights diligently, and (2) 'that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, — U.S. —, 127 S. Ct. 1079, 1085 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The habeas petitioner bears the burden of establishing that equitable tolling is warranted. *See Howland v. Quarterman*, 507 F.3d 840, 845 (5th Cir. 2007) (citing *Alexander v. Cockrell*, 294 F.3d 626, 269 (5th Cir. 2002)). Minor does not meet that burden here.

Minor does not allege facts showing that he has diligently pursued his rights and the record does not support an exercise of discretion in his favor. According to the pleadings, Minor knew that he lost 3585 good-time credits in 1996. Minor also knew that these credits were forfeited and would not be restored to him, thereby delaying his eligibility for early release on mandatory supervision, in March of 2000. Although he knew of these facts in 2000, Minor waited until April 25, 2007 to file a state habeas corpus application regarding his proposed Ex Post Facto claim. It is well established that equitable tolling is not available

where, as here, the petitioner squanders his federal limitations period.  *See, e.g., Ott v. Johnson*, 192 F.3d 510, 514 (5th Cir. 1999), *cert. denied*, 529 U.S. 1099 (2000).

Minor, who does not dispute that his petition is untimely, does not otherwise demonstrate that exceptional circumstances prevented him from raising his claims in a timely manner.  Although Minor has represented himself on state habeas corpus review and in this federal proceeding, the Fifth Circuit has held that a prisoner's *pro se* status does not excuse an untimely federal habeas corpus petition.  *See Lookingbill v. Cockrell*, 293 F.3d 256, 264 n.13 (5th Cir. 2002), *cert. denied*, 537 U.S. 1116 (2003); *see also United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (holding that *pro se* status, illiteracy, deafness, and lack of legal training are not external factors excusing abuse of the writ).  The petitioner's incarceration and ignorance of the law do not otherwise excuse his failure to file a timely petition and are not grounds for equitable tolling.  *See Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir.) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling), *cert. denied*, 539 U.S. 918 (2003).  Given Minor's lack of diligence, the Court concludes that his circumstances are not among those "rare and exceptional" conditions which warrant deviation from the express rules that Congress has provided.  *See Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir.), *cert. denied*, 531 U.S. 1035 (2000). Minor has not established that he is entitled to any tolling and, therefore, his petition must be dismissed as barred by the governing one-year limitations period.

## III.     ALTERNATIVELY, MINOR'S PETITION IS WITHOUT MERIT

In his cross-motion for summary judgment, Minor insists that he is entitled to relief. (Doc. # 12).  According to the state court records, the Texas Court of Criminal Appeals rejected Minor's claims on state habeas corpus review.  *See Ex parte Minor*, No. 13,097-04 at 47-49 (Tex. Crim. App. Dec. 19, 2007) (concluding that Minor has not been unlawfully denied early release on mandatory supervision).  Because this was an adjudication on the merits, Minor is not entitled to federal habeas corpus relief unless the state court's conclusion:

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362 (2000).  Even under the liberal construction accorded to *pro se* litigants, Minor falls far short of meeting this standard.  As discussed briefly below, Minor has not established that he is entitled to federal habeas corpus relief under § 2254(d).

In this instance, Minor complains that the good-time credits that he forfeited previously in 1996 were not restored to him in violation of the law in place at the time of his conviction and that he was wrongfully denied early release on mandatory supervision in 2000 as a result.  In particular, Minor argues that prison officials have retroactively applied a change in the law that occurred in 1993.  Minor complains that, on November 20, 1993, the Texas Board of Criminal Justice issued a new policy stating that forfeited good conduct time

8

would no longer be restored. *See* TEX. GOV'T CODE § 498.005 (Vernon Supp. 1995). Prior to that time, an inmate could regain lost good conduct time if he went six months without a major disciplinary case. By refusing to restore his previously earned good-time credit, Minor maintains that his sentence has increased in violation of the prohibition against ex post facto laws. Minor is mistaken.

Article I, Section 10 of the United States Constitution provides in pertinent part that "[n]o State shall . . . pass any . . . ex post facto [l]aw." The Supreme Court has construed this to mean that States are prohibited from enacting any law "which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." *Weaver v. Graham*, 450 U.S. 24, 28 (1981). Thus, the following two elements must be present for an ex post facto violation to occur: "(1) a law must be retrospective, that is, it must apply to events occurring before its enactment, and (2) the new law must create a sufficient risk of increasing the punishment attached to the defendant's crimes." *McCall v. Dretke*, 390 F.3d 358, 363 (5th Cir. 2004) (citations and quotation omitted). Where a statute applies retroactively, the existence of an ex post facto violation depends on whether the statute constitutes additional criminal punishment for the crimes previously committed. *See Kansas v. Hendricks*, 521 U.S. 346, 371 (1997).

Minor cannot show that the complained of law constitutes a retrospective change to his detriment because there has been no increase in his punishment. Since 1977, Texas law has specifically recognized that good-time credit applies only to an inmate's eligibility for parole or mandatory supervision, and not to the length of his sentence. *See* TEX. REV. CIV.

STAT. ANN. art. 6181-1, § 4, codified as amended at TEX. GOV'T CODE ANN. § 498.003(a). Thus, it is well established that an inmate's punishment is not increased by the forfeiture of previously earned time credit because good-time credit has no effect on the length of sentence imposed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1077 (5th Cir. 1997); *Ex parte Hallmark*, 883 S.W.2d 672, 674 (Tex. Crim. App. 1994); *see also Ex parte Montgomery*, 894 S.W.2d 324 (Tex. Crim. App. 1995) (rejecting due process and ex post facto claims concerning implementation of the policy restricting the restoration of previously earned good-time credit). Absent a showing that his punishment was increased by the failure or refusal of prison officials to restore the forfeited good-time credit, Minor fails to establish a constitutional violation.

In conclusion, Minor's claim concerning the calculation of his sentence was raised and rejected by the Texas Court of Criminal Appeals on state habeas corpus review. Minor has not demonstrated that the state court's decision to deny his claim was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent. 28 U.S.C. § 2254(d)(1). Because the claims raised by Minor are clearly without merit, the petition lacks an arguable basis in law and is subject to dismissal for that reason. *See McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998).

**IV.    CERTIFICATE OF APPEALABILITY**

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d

1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals....'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. §2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336.  Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

11

The statute of limitations on federal habeas corpus review has been the law for over ten years, since April of 1996. The Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim. Therefore, a certificate of appealability will not issue.

## V.        CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1.      The respondent's motion for summary judgment (Doc. # 10) is **GRANTED**.

2.      The petitioner's cross-motion for summary judgment and his motion for appointment of counsel (Doc. # 12) are **DENIED**.

3.      The federal habeas corpus petition is **DISMISSED** with prejudice as barred by the statute of limitations. Alternatively, the petition is **DISMISSED** with prejudice as without merit.

4.      A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on April 29th, 2008.

Nancy F. Atlas
United States District Judge